## MORRIS *v.* CALDWELL.

### Opinion delivered May 9, 1927.

1. BANKRUPTCY—ILLEGAL PREFERENCE.—A deed by a bankrupt in an effort to prefer his mother for an antecedent debt and not for a present consideration, made only a few days before he filed a voluntary petition in bankruptcy, and at a time when he was hopelessly insolvent, and when his mother had reason to believe that he was insolvent and that the transfer would effect a preference, *held* void as an illegal preference.

2. BANKRUPTCY—VALIDITY OF GIFT.—The gift of an automobile by a bankrupt to his wife, presented to her about nine months before he filed his voluntary petition in bankruptcy, at a time when he had no expectation of becoming bankrupt, *held* valid.

3. APPEAL AND ERROR—CONCLUSIVENESS OF COURT'S FINDING.—A finding of fact by the trial court will be presumed correct, in the absence of an abstract of the testimony showing otherwise.

Appeal from Ashley Chancery Court; *E. G. Hammock*, Chancellor; affirmed.

*G. P. George* and *H. H. Hays,* for appellant.

*A. A. Poff* and *Jas. M. Smith,* for appellee.

HUMPHREYS, J. This is a suit by J. H. Caldwell, trustee in bankruptcy of the estate of H. W. Morris, to cancel a deed executed by the bankrupt to his mother, Mrs. M. H. Morris, for approximately 170 acres of land in Ashley County, Arkansas, subject to a mortgage in favor of the Bank of Parkdale for $2,587.48 and interest, and to subject the equity in a certain Ford car presented by the bankrupt to his wife, and a Delco plant, to the payment of the indebtedness of the bankrupt, upon the ground that the conveyance was voluntary, and that it and the gift of the automobile and the purchase and disposition of the Delco plant were made in violation of the bankrupt law and for the purpose of defrauding the bankrupt's creditors. Mrs. W. H. Morris, the mother of the bankrupt, and Mrs. Mabel R. Morris, his wife, filed separate answers, denying the material allegations of the complaint.

The cause was submitted to the court upon the pleadings and testimony, which resulted in a decree canceling the conveyance of the land and subjecting the bankrupt's equity therein to the payment of his indebtedness, and adjudging the automobile and Delco plant to Mrs. Mabel R. Morris.

Appeals have been prosecuted to this court by the respective parties from the decree in so far as same was adverse to them, and the cause is before us for trial *de novo.*

After a very careful reading of the testimony we have concluded that the decree rendered by the trial court should be affirmed.

The deed was made by the bankrupt in an effort to prefer his mother for an antecedent debt and not for a present consideration. He made the deed only a few days before he filed his voluntary petition in bankruptcy and at a time when he was hopelessly insolvent. His mother had reason to believe that her son was insolvent and that the transfer would effect a preference. It could serve no useful purpose to set out the testimony from

which this conclusion is drawn, and which would only serve to lengthen the opinion and be of no use as a precedent.

The Ford automobile was purchased in June, 1924, about nine months before the bankrupt filed his voluntary petition in bankruptcy. He traded in an old car on the new one for $225 and executed notes in the sum of $25.83 each for the difference, and paid the last one in June, 1925. Most of the notes were paid out of the business, as other debts. He gave the new car to his wife as a birthday present, which was not unusual. At the time, although in financial straits, he had no idea of failing in business and filing a petition in bankruptcy. He and all of his creditors thought his farm was worth two or three times as much as it sold for, and credit was extended to him on that account. The gift was a modest one, in keeping with the station in which he and his wife lived, and was not made for the purpose of covering up and shielding his property from his creditors. It would be carrying the doctrine to an extreme to allow creditors of a bankrupt to seize and appropriate for the payment of their debts inconsequential gifts made by him while in business to his better half in remembrance and celebration of her birthday. In the ordinary course of life wives and mothers expect outward tokens and evidences of affection from their husbands, and it would indeed be harsh to deprive a man struggling for financial existence from manifesting his affection in this manner and the wife and mother from being the happy recipients of modest gifts on special occasions like birthdays.

It is impossible from appellant's abstract to form an opinion with reference to the whereabouts or ownership of the Delco plant. It seems that the bankrupt purchased it at some time and sold it before he filed his petition in bankruptcy. The decree abstracted contains a finding by the court that the Delco light plant involved in this action belongs to the wife of the bankrupt, and we must presume that the finding was warranted, else the abstract of the testimony would show otherwise.

No error appearing, the decree is affirmed.